AUG 25 '26 AM 9:15 USB

Clifford Maraschino
1731 Curtis Avenue
Manhattan Beach, CA 90266
310-902-5675
cmaraschino@gmail.com
Pro Se Defendant

Honorable Frederick P. Corbit

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>REFRESHING USA LIQUIDATION TRUST,<br><br>Remaining Debtor, | Lead Case No. 24-01863-11<br><br>(Jointly Administered) |
| BRIAN WEISS, as Liquidation Trustee of the REFRESHING USA, LLC LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CHERRY WATERS, LLC, CLIFFORD MARASCHINO, and JOHN DOES #1- 10,<br><br>Defendant. | Adv. Proc. No. [________]<br><br>**ANSWER TO COMPLAINT** |

Defendant Clifford Maraschino ("Defendant") answers the Complaint filed by Plaintiff as follows. The other named Defendant, Cherry Waters, LLC was dissolved in 2022. To the extent a response is required by the dissolved entity, it joins in Defendant's responses.

Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint, including any allegation contained in headings, footnotes, exhibits, or other materials incorporated by reference.

**ANSWER TO SPECIFIC ALLEGATIONS**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and, on that basis, denies them.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, on that basis, denies them.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and, on that basis, denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and, on that basis, denies them.

5. Admit that Cherry Waters, LLC purchased 33 water machines from WaterStation Technology in 2020. Except as expressly admitted herein, the allegations are otherwise denied.

6. Denied.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and, on that basis, denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, on that basis, denies them.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, on that basis, denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and, on that basis, denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and, on that basis, denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and, on that basis, denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and, on that basis, denies them.

14. Admit that, following payment of a franchise fee, WST Franchise Systems, LLC agreed to install the water stations at retail locations. Admit that another entity, Water Station Management LLC, agreed to provide services for the water machines in exchange for a percentage of the gross profits. Admit that Cherry Waters, LLC received

serial numbers and addresses for the water machines it purchased. Except as expressly admitted herein, the allegations are otherwise denied.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and, on that basis, denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and, on that basis, denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and, on that basis, denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29. Admit that Cherry Waters, LLC transferred a portion of the purchase price of $280,500 to WaterStation Technology, while the remainder was funded with a bank loan. Admit that Cherry Waters, LLC received a Purchase Order Agreement from WaterStation Technology (not Creative Technologies, LLC) and that the Purchase Order addressed the number of machines purchased by Cherry Waters, LLC, the fact that Cherry Waters, LLC would be "the sole owner and titleholder" of the machines, the price per unit, and certain terms associated with delivery

and payment. Except as expressly admitted herein, the allegations are otherwise denied.

30. Admit that Creative Technology sent monthly payments to Cherry Waters, LLC between October 2020 and May 2022, representing net income from the 33 water machines, totaling $70,125. Admit that in May of 2022, pursuant to a settlement agreement, Cherry Waters, LLC agreed to transfer ownership of the 33 water machines to Water Station Management LLC and, subject to a mutual release of claims, received a settlement payment equivalent to the purchase price of the machines ($280,500). This settlement payment was made to Cherry Waters, LLC by Waterstation Finance Company LLC. Except as expressly admitted herein, the allegations are otherwise denied.

31. Denied.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, on that basis, denies them. Defendant further expressly denies having any notice of the existence of a Ponzi scheme or of the insolvency of any entity.

33. Defendants repeat and reallege each and every response to the paragraphs incorporated by Plaintiff as if fully set forth herein.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35. Denied.

36. Denied.

37. Denied.

38. Defendants repeat and reallege each and every response to the paragraphs incorporated by Plaintiff as if fully set forth herein.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40. Denied.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44. Denied.

45. Denied.

46. Defendants repeat and reallege each and every response to the paragraphs incorporated by Plaintiff as if fully set forth herein.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever.

49. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever.

50. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever.

51. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever.

52. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever.

53. Defendants deny that Plaintiff is entitled to any further relief of any kind.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Good Faith Transferee for Value)

Defendant received any transfers from Debtors for value and in good faith.

### SECOND AFFIRMATIVE DEFENSE

### (Good Faith Subsequent Transferee)

To the extent any transfers are avoided, Defendant is a good faith transferee who took for value without knowledge of the voidability of such transfers and are therefore not liable under 11 U.S.C. § 550(b).

### THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value)

The Debtors received reasonably equivalent value in exchange for any transfers made to Defendant. Accordingly, the transfers are not avoidable.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Actual Fraudulent Intent)**

The transfers at issue were not made with actual intent to hinder, delay, or defraud any creditor.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith Investor Defense — No Inquiry Notice)**

Defendant received the transfers at issue in good faith as returns on a legitimate investment, without knowledge or inquiry notice of any fraud, Ponzi scheme, or insolvency of the Debtors. Defendant had no reason to suspect that the payments received were anything other than legitimate returns on their investment.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Principal Investment Protection)**

To the extent any transfers are avoidable, Defendant is entitled to retain amounts received up to the return of their principal investment, as Defendant gave value in exchange for such amounts.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Additional Defenses)**

Defendant reserves the right to amend this Answer to assert additional defenses as they become available or apparent during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in their favor and against Plaintiff, dismiss the Complaint with prejudice, award Defendant his costs and fees incurred in defending this action, and grant such other and further relief as the Court deems just and proper.

DATED: August 19, 2026

Respectfully submitted,

*/s/ Clifford Maraschino*

Clifford Maraschino
Pro Se Defendant
1731 Curtis Avenue
Manhattan Beach, CA 90266
310.902.5675
cmaraschino@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, I caused a true and correct copy of the foregoing Answer to Complaint to be served via email on Plaintiff's counsel at the following addresses:

John T. Bender: John.Bender@klgates.com

Brian T. Peterson: Brian.Peterson@klgates.com

/s/ *Margaret Maraschino*

Margaret Maraschino